**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MITCHELL, | No. C 12-CV-5547 JSW |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS** |
| REGIONAL TRUST SERVICES CORPORATION, ET AL., | **(Docket Nos. 20, 23, 24, 35)** |
| Defendants. | |

**INTRODUCTION**

This matter comes before the Court upon consideration of: (1) a motion to dismiss filed by Defendants, OneWest Bank, FSB ("OneWest") and Deutsche Bank National Trustee Company ("Deutsche Bank"); (2) a motion to dismiss filed by Defendant Regional Services Corporation ("Regional"); (3) a motion to strike filed by Regional; and (4) a motion for leave to file a second amended complaint filed by Plaintiff, Bernard Mitchell ("Mr. Mitchell"). The Court has considered the parties' papers, relevant legal authority, the record in this case and, to the extent it was necessary and appropriate to do so, the record in related cases. The Court finds the motions suitable for disposition without oral argument, and it VACATES the hearing scheduled for March 8, 2013. *See* N.D. Civ. L.R. 7-1(b).

For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS, IN PART, AND DENIES WITHOUT PREJUDICE, IN PART, OneWest's motion to dismiss (Docket No. 20), DENIES WITHOUT PREJUDICE Regional's motions to dismiss and to strike

1  (Docket Nos. 23, 24), DENIES WITHOUT PREJUDICE, Mr. Mitchell's motion for leave to
2  file a second amended complaint, and REMANDS this action to the Superior Court of the State
3  of California, Count of Alameda ("Alameda Superior Court").

## BACKGROUND

In brief, the facts underlying this dispute pertain to a loan that Mr. Mitchell obtained in connection with property located at 2132 Longview Drive, San Leandro, California (the "Property"). Mr. Mitchell defaulted on that loan and, as a result, the Property was foreclosed upon and sold at a Trustee's Sale. Mr. Mitchell and Plaintiff S. Mitchell as Trustee of the BSM Living Trust ("S. Mitchell") (collectively, "Plaintiffs"), continue to dispute the propriety of the foreclosure. This action is the fifth in a series of cases arising out of that foreclosure. *See Mitchell, et al. v. OneWest Bank FSB, et al.*, 3:10-CV-4207-JSW ("*Mitchell I*"); *Mitchell, et al. v. Routh Crabtree Olsen, P.S., et al.*, 3:11-CV-3577-JSW ("*Mitchell II*"); *Mitchell, et al. v. Deutsche Bank National Trust Company, et al.*, 4:11-CV-6374-LB ("*Mitchell III*").[1] The Court shall refer to this action as "*Mitchell IV*." Because the nature and outcome of the earlier cases are relevant to the pending motions, the Court provides a brief summary of those proceedings.

### 1. *Mitchell I*.

Plaintiffs filed the original complaint in *Mitchell I* on September 17, 2010, and amended the complaint on October 31, 2010. (*See* Docket No. 21, Request for Judicial Notice ("OneWest RJN"), Ex. A ("*Mitchell I* FAC").)[2] The *Mitchell I* FAC included one federal claim for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA Claim") and a number of state law claims.

On February 22, 2011, the Court dismissed, with prejudice, the FDCPA Claim, declined to exercise supplemental jurisdiction over the state law claims, and entered judgment.

---

[1] Mitchell also removed an unlawful detainer action instituted by Deutsche Bank. *See Deutsche Bank National Trust Company v. Mitchell*, 3:11-CV-2005-JSW. This Court granted Deutsche Bank's motion to remand that action on May 25, 2011. In addition, on December 4, 2012, Plaintiffs filed another complaint in Alameda County Superior Court, which they amended on January 13, 2013. (*See Mitchell, et al. v. Deutsche Bank, et al.*, Case No. HG12658439.)

[2] Unless otherwise noted, all references to docket numbers refer to docket numbers in *Mitchell IV*.

2

1  (OneWest RJN, Ex. B.) On May 25, 2011, the Court denied Plaintiffs' motion to amend that
2  judgment. (OneWest Ex. RJN, Ex. D ("May 25 Order").) In that Order, the Court noted that
3  Plaintiffs argued that the Court should grant their motion, because they could state a claim for
4  violations of the Real Estate Settlement Procedures Act ("RESPA"). (May 25 Order at 2:23-
5  26.) The Court noted that Plaintiffs had not specified which provisions of RESPA they alleged
6  Defendants violated, that certain types of RESPA claims would be time barred, and that
7  Plaintiffs had not alleged facts showing they were harmed by the alleged RESPA violations. In
8  sum, the Court stated that:

> [t]here is no factual allegation made in the record - either in the original complaint, the amended complaint, or contained in Plaintiff's briefs in opposition to the motion to dismiss or in support of his motion to amend - that would sustain a claim under RESPA. The Court finds that, although Plaintiff has been given numerous opportunities to allege sufficient facts to maintain a RESPA claim, Plaintiff has failed to allege any facts which would sustain such a federal claim. Accordingly, the Court confirms its dismissal of the federal claims in this matter, declines to exercise supplemental jurisdiction over the remaining state law claims, and concludes that dismissal with prejudice is warranted.

15  (May 25 Order at 4:7-14.)
16  On December 11, 2012, the United States Court of Appeals for the Ninth Circuit
17  affirmed these rulings. (*See Mitchell I*, Docket No. 55.)

18  **2.  *Mitchell II*.**

19  On July 21, 2011, Plaintiffs filed the original complaint in *Mitchell II*, and filed a First
20  Amended Complaint on February 10, 2012. (OneWest RJN, Ex. E ("*Mitchell II* FAC").) The
21  *Mitchell II* FAC named OneWest as a Defendant and included a claim for violations of RESPA,
22  specifically 12 U.S.C. section 2605 ("Section 2605"). (*Mitchell II* FAC ¶ 3, 48-57.) Before
23  OneWest filed a response to the FAC, two of the defendants, Routh Crabtree Olsen, P.S. and
24  Edward T. Weber (the "Routh Crabtree Defendants") moved to dismiss, and Plaintiffs filed a
25  motion for leave to file a second amended complaint. (*See Mitchell II*, Docket Nos. 40, 43, 50.)

27  The Plaintiffs asserted claims pursuant to 42 U.S.C. section 1983 and for civil RICO
28  violations against the Routh Crabtree Defendants. On July 9, 2012, the Court issued an Order

3

granting the Routh Crabtree Defendants' motion to dismiss the federal claims, denied the motion to dismiss the state law claims without prejudice, denied Plaintiffs' motion for leave to amend as moot, and entered judgment. The Court did not address any of the claims asserted against OneWest, including the RESPA claim. (OneWest RJN, Ex. H.)

On July 22, 2012, after the case had been closed, Plaintiffs filed a Notice of Voluntary Dismissal, in which they purported to dismiss the remaining claims, including the claims against OneWest, without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). (OneWest RJN, Ex. I ("*Mitchell II* Notice of Voluntary Dismissal").) In that Notice, Plaintiffs stated:

> ... Plaintiffs voluntarily dismisses [*sic*] the remaining non-appearing defendants in the above captioned action without prejudice. An action substantially similar to this action is on appeal with the United States Court of Appeals, Ninth Circuit. A court order is not required as Defendants have not answered the complaint, have no judgments in their favor nor filed a motion for summary judgment. ...
>
> Plaintiffs have not served the summons or complaint upon any of the remaining defendants in this case, and none appear pursuant to any service of a summons or complaint. ...
>
> *Plaintiffs believe that in light of the pending appeals and in an effort to avoid a waste of judicial resources proceeding before this Court and having to lodge a third appeal over the same issues, the Plaintiffs elect to dismiss without prejudice the remaining defendants in this matter. In light of the history of this case, the pending appeal and the forthcoming appeal, Plaintiff will await the rulings of the US Court of Appeals that may elect under their authority to remand and assign this case to another judge.*
>
> *By terminating any further proceeding before this Court, the Plaintiffs will have the rulings from the US Court of Appeals to aid in how to proceed in their efforts to have their matters heard in federal court without the appearance of a predetermination of the outcome of their claims.*

(*Mitchell II* Notice of Voluntary Dismissal at 2:7-14, 2:26-28, 3:1-10 (emphasis added).)

Four months later, on November 13, 2012, Plaintiffs filed a notice purporting to withdraw the Notice of Dismissal. (*Mitchell II*, Docket No. 64 ("Notice of Withdrawal").) In that document, Plaintiffs argued that they had "inadvertently" filed the *Mitchell II* Notice of Dismissal, and that they "did not and do not intend to dismiss this action and absent the oversight in filing the order to Close this case, Plaintiffs would not have filed this document." (Notice of Withdrawal at 2:11-21.)

4

//

//

### 3. *Mitchell III.*

On December 16, 2011, Plaintiffs filed the complaint in *Mitchell III*. (OneWest RJN, Ex. J ("*Mitchell III* Compl.").) Plaintiffs once again asserted a variety of state law claims, and they also asserted a RESPA claim against OneWest for alleged violations of Section 2605. (*Mitchell III*, Compl. ¶¶ 4, 49-58.) On February 16, 2012, before any defendant had appeared, Plaintiffs filed a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). (OneWest RJN, Ex. L ("*Mitchell III* Notice of Dismissal").)

### 4. *Mitchell IV.*

Plaintiffs filed this action on July 18, 2012 in Alameda Superior Court. (Docket No. 1, Notice of Removal, Ex. A (Complaint).) The original complaint included twelve state law claims for relief and a RESPA claim against OneWest for violations of Section 2605. (*Id.*) All of the Defendants moved to dismiss that complaint. In response, on November 6, 2012, Plaintiffs filed the First Amended Complaint ("FAC").

In the FAC, Plaintiffs maintain the RESPA claim against OneWest (FAC at 34:24-38:14).[3] Plaintiffs also assert various state law claims against the Defendants. (*Id.* at 41:1-89:21.) Defendants moved to dismiss and to strike portions of the FAC. (Docket Nos. 20, 23, 24.) Plaintiffs opposed each of the motions, and Defendants filed their replies.

On December 11, 2012, after all briefs had been submitted, S. Mitchell filed a Notice of Dismissal, purporting to dismiss, without prejudice, all of the state law claims against all of the Defendants.[4] (Docket No. 33.) On that same date, Mr. Mitchell filed a Notice of Dismissal purporting to dismiss, without prejudice, the majority of the state law claims. Mr. Mitchell

---

[3] The FAC captions the RESPA Claim as the "Second Cause of Action," although it is the first listed claim for relief. In addition, the FAC contains two paragraphs numbered 54. Accordingly, for ease of reference, when the Court cites to the FAC it shall refer to page and line numbers.

[4] S. Mitchell is not a party to the RESPA claim.

5

stated that he did not intend to dismiss the RESPA claim or his claim for violations of his state constitutional right to privacy (the "Right to Privacy Claim"). (Docket No. 34.)

On December 12, 2012, Mr. Mitchell filed the motion for leave to file a Second Amended Complaint. (Docket No. 35.)

The Court shall address specific additional facts as necessary in its analysis.

## ANALYSIS

**A.     The Notices of Dismissal in *Mitchell IV*.**

As a threshold matter, the Court shall address the Notices of Dismissal filed in *Mitchell IV*. Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to file a notice of dismissal before an opposing party has filed an answer or a motion for summary judgment, which is the case here. OneWest asserts that Mr. Mitchell's Notice of Dismissal is not effective as to the claims he has asserted against it. In addition, although none of the parties have addressed these allegations, both Plaintiffs appear to assert a claim pursuant to 42 U.S.C. section 1981 against Deustche Bank.

> In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15], which addresses amendments to pleadings. *See Ethridge v. Harbor House Restaurant,* 861 F.2d 1389 (9th Cir.1988). As we noted in *Ethridge,* "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." *Id.* at 1392. Instead, we agreed with two of our sister circuits that "[Rule] 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." *Id.* [Citations omitted].

*Hells Canyon Pres. Council v. United States Forest Council*, 403 F.3d 683, 687-88 (9th Cir. 2007) (footnotes omitted) (*"Hells Canyon"*).

Thus, Plaintiffs cannot dismiss some, but not all, of the claims against OneWest, Deutsche Bank, *or* Regional. *Hells Canyon*, 403 F.3d at 687-88; *see also Nickerson v. Wells Fargo Bank*, 2010 WL 3990743, at \*1-\*2 (N.D. Cal. Oct. 12, 2010) (construing ineffective notice of dismissal as motion for leave to amend). Thus, the Notices of Dismissal are not effective.

//

6

//

//

**B.     The Motion to Dismiss Filed by OneWest and Deutsche Bank.**

   **1.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

   **2.     The Court Dismisses the RESPA Claim, with Prejudice.**

OneWest moves to dismiss the FAC and opposes the motion for leave to file the Proposed SAC, in part, on the basis Mr. Mitchell has voluntarily dismissed the RESPA claim twice (the "two dismissal rule").[5] OneWest also argues that the RESPA claim is barred as a result of this Court's Order dismissing the federal claims in *Mitchell I*. Finally, OneWest argues that Mr. Mitchell has failed to state a RESPA claim, because the facts alleged do not show that the letters at issue were "Qualified Written Requests ("QWRs")" or that Mr. Mitchell suffered damage as a result of OneWest's actions. Assuming for the sake of argument that the RESPA

---

   [5]   OneWest argues that all claims asserted against it should be dismissed on this basis.

7

claim is not barred either by two dismissal rule or by the Court's Order dismissing *Mitchell I*, the Court finds that Mr. Mitchell still fails to state a RESPA claim.

Mr. Mitchell asserts that OneWest violated Section 2605, which provides, in pertinent part, that "[i]f a servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging the receipt of the correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). A "qualified written request" is "written correspondence ... that – (i) includes, or otherwise establishes the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B)(i)-(ii).

The Ninth Circuit recently clarified that RESPA does not require a QWR to include "any 'magic' words," and an interpretation according to which it did so implicitly would be inconsistent with Congress' intent that the statute serve a broad remedial purpose." *Medrano v. Flagstar Bank, FSB*, – F.3d –, 2012 WL 6183549, at *3 (9th Cir. Dec. 11, 2012).

> Instead, under [section] 2605(e), a borrower's written inquiry requires a response as long as it (1) reasonably identifies the borrower's name and account, (2) either states the borrower's "reasons for the belief ... that the account is in error" or "provides sufficient detail to the servicer regarding other information sought by the borrower," and (3) seeks "information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A)–(B).
>
> ...[T]he third of those requirements—that the letter must request information relating to servicing—ensures that the statutory duty to respond does not arise with respect to *all* inquiries or complaints from borrowers to servicers. RESPA defines the term "servicing" to encompass only "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ..., and making the payments of principal and interest and such other payments." *Id.* § 2605(i)(3). "Servicing," so defined, does not include the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement.
>
> The statute thus distinguishes between letters that relate to borrowers' disputes regarding servicing, on the one hand, and those regarding the borrower's contractual relationship with the lender, on the other. That distinction makes sense because only servicers of loans are subject to [section] 2605(e)'s duty to respond—and they are unlikely to have

8

> information regarding those loans' originations. In summary, we hold that letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under [section] 2605(e).

*Id.*, 2012 WL 6183549, at *3-4 (emphasis in original).

The Court has carefully reviewed the correspondence attached to the FAC as Exhibit A. Although those letters identify Mr. Mitchell as the borrower and refer generally to his loan, the bulk of those letters were drafted by counsel and pertain to disputes about Mr. Mitchell's requests for and qualifications for a loan modification. (*See* FAC ¶ 47, Ex. A.) The Court concludes that these letters, which request information about loan modification and challenge the failure to modify the loans, do not relate to the servicing of the loan. *See id.*, 2012 WL 6183549, at *4 & n.6 (noting that some borrowers may mistakenly refer to modifications when they identify a problem in a servicer's accounting, but concluding that letters drafted by counsel meant what they said).

However, two of the letters, dated September 11 and September 17, 2010 respectively, do ask for "true and correct copies of any billing notices or statements from the period August 2009 through the present as Mr. Mitchell has not received any billing statements, notices of payments due or receipts for any payments tendered and received by IndyMac." (FAC, Ex. A, Subsection 11.) Assuming that these letters are QWRs, the Court concludes that Mr. Mitchell still fails to state a viable RESPA claim.

RESPA provides that anyone who violates the statute shall be liable for actual damages to an individual who brings an action. *See* 12 U.S.C. § 2605(f)(1). "Although this section does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." *See Allen v. United Financial Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (citing *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (stating that "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages.")).

Mr. Mitchell alleges that his credit was ruined, he has incurred legal fees and expenses to defend a "baseless foreclosure action," and incurred a tax liability of over $50,000. (FAC ¶¶

52-53.) However, Mr. Mitchell fails to allege any facts that would render it plausible that these alleged harms occurred as a result of OneWest's alleged failure to respond to any QWR. Indeed, it is equally plausible that these harms occurred because of Mr. Mitchell's default. *See, e.g.,Tamburri v. SunTrust Mortgage Co.*, 875 F. Supp. 2d 1009, 1014-15 (N.D. Cal. 2012) (dismissing RESPA claim because plaintiff did not allege "harm that derives from any failure to respond to the QWRs, rather than from her own default or from disputes over the loan's ownership or validity"); *Allen*, 660 F. Supp. 2d at 1097 (dismissing RESPA claim based on the plaintiff's failure to allege any pecuniary loss attributable to the alleged RESPA violation, "indeed, his loss of property appears to have been caused by his default"); *Iqbal,* 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted). Although Mr. Mitchell alleges that OneWest engaged in a "pattern and practice" of not complying with RESPA, entitling him to statutory damages, those allegations are conclusory in nature and are not borne out by the correspondence attached to the FAC.

Because Mr. Mitchell has attempted - albeit unsuccessfully - to assert a RESPA claim numerous times in the various actions filed in this court, the Court concludes it would be futile to grant him any further opportunities to amend that claim. Accordingly, the Court GRANTS, IN PART, OneWest's motion to dismiss.

The Court dismisses the RESPA claim with prejudice.

**3.     The Court Dismisses the Section 1981 Claim, with Prejudice.**

Although it is not captioned as a stand alone claim, Plaintiffs include allegations relating to a claim under 42 U.S.C. section 1981 against Deutsche Bank. (FAC at 38:15-40:27.) None of the parties have addressed this claim, either in their motions to dismiss or in the notices of dismissal. The Court has reviewed the allegations, and it concludes that, although Plaintiffs allege that they are African-American, they do not plausibly allege that Deutsche Bank's conduct was motivated by their race. Indeed, it is equally plausible that Deutsche Bank's actions were motivated by the fact that the loan was in default. Accordingly, Plaintiffs have not

alleged sufficient facts to state a claim for violations of their civil rights.  Moreover, because Plaintiffs have had numerous opportunities to attempt to state a federal claim, the Court concludes that it would be futile to grant them any further opportunities to do so.

The Court dismisses the Section 1981 claim with prejudice.

### 4. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining Claims.

The Court's jurisdiction over the instant action is based solely on the existence of a federal question, and the remaining claims arise solely under state law.  A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances.  *See* 28 U.S.C. § 1367(c).  In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity."  *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted).  When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute*, 28 U.S.C. § 1447(c); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (suggesting in dicta that "if federal claims are dismissed before trial, ... the state claims should be dismissed as well") (footnote omitted), *superseded by statute*, 28 U.S.C. § 1367.

The United States Supreme Court has explained that "[n]eedless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *United Mine Workers of Am.*, 383 U.S. at 726 (footnote omitted).  In this case, it would be equally convenient for the parties to try the remaining claims in state court.  Further, notwithstanding Plaintiffs many attempts to bring their claims in federal court, this Court has expended few resources in supervising this case and the related cases.  *See Trustees of the Construction Indus. & Laborers Health & Welfare Trust*

*v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). Therefore, the principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case.

Accordingly, the Court shall remand the remaining state law claims to Alameda County Superior Court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES, IN PART AND WITHOUT PRJEUIDCE, the motion to dismiss filed by OneWest and Deutsche Bank, DENIES WITHOUT PREJUDICE the motions to dismiss and to strike filed by Regional, and DENIES WITHOUT PREJUDICE the motion for leave to amend filed by Mr. Mitchell. The Clerk shall remand this case to Alameda County Superior Court and shall close this file.

**IT IS SO ORDERED.**

Dated: February 12, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE